**In the Matter of RIVAS & RIVAS, INC., Debtor.**

**No. 82–413.**

United States Bankruptcy Court, D. Delaware.

Sept. 16, 1986.

**168**

Thomas D. Runnels, Newark, Del., for debtor.

Paul H. Spiller, Wilmington, Del., for Augustine DiBiase, Jr.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Rivas & Rivas, Inc. is a Chapter 11 debtor engaged in the construction business. Augustine A. DiBiase, Jr. is the holder of an allowed claim against Rivas & Rivas in the amount of $15,000. The parties reached an agreement as to the amount of the claim following extensive discovery on debtor's objections to DiBiase's first proof of claim filed as unsecured in the amount of $40,000 and his second proof of claim filed as secured in the amount of $15,000. DiBiase's contention that his claim should be given secured status under equitable principles of law is disputed.

The parties' request to waive hearing and submit the issue on a stipulation of facts was granted. The stipulation and the documentation attached to the proofs of claim reveal the following sequence of events.

Rivas & Rivas was the owner and developer of a residential subdivision in New Castle County known as Wellington Hills. In May 1977 it entered into a written contract of sale with DiBiase for Lot No. 17, Section 3, for $13,000 with settlement scheduled for December 1, 1979. On December 20, 1977, Rivas & Rivas entered into an agreement with New Castle County under which it was given permission to construct and connect, within three years, a proposed sewer system in Section 3 of Wellington Hills to the County sewer system already in place in other sections of the development. Settlement on Lot No. 17 was finalized November 27, 1979.

In May 1982, New Castle County issued a building permit to DiBiase for construction of a dwelling on Lot No. 17 with the proviso that a certificate of occupancy would not issue until the sewer was installed and accepted by the County. The dwelling was completed on or about June 15, 1982. Rivas and Rivas did not install a sewer system. No certificate of occupancy was issued. DiBiase sued Rivas & Rivas in Superior Court of Delaware for damages arising from the developer's failure to furnish sewers, roadways and utilities to his property. That action was stayed upon the filing of Rivas & Rivas' Chapter 11 case on November 8, 1982.

Section 506(a) of title 11 United States Code defines a secured claim as "an allowed claim of a creditor secured by a lien on property in which the estate has an interest * *." A lien means a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(31). When a security interest is claimed, BR 3001 requires that the proof of claim be accompanied by evidence that the security interest has been perfected.

■ The documentation attached to DiBiase's proof of claim, a copy of a complaint filed in Superior Court of Delaware, does not establish a lien against either real or personal property. A complaint that has not gone to judgment does not create a lien; nor is there any documentation to support the creation of a consensual security interest under Delaware law. 6 *Del.C* § 9–203; 9–302. Consequently, the claim does not qualify for secured treatment under 11 U.S.C. § 506(a).

■ DiBiase contends his claim should be given secured status under equitable principles of law. The parties agree that he is a third-party beneficiary creditor of the December 1977 agreement between Ri-

vas & Rivas and New Castle County. In order to prevail, he must prove that an equitable lien arose in favor of New Castle County by virtue of that agreement.

Pomeroy provides the most authoritative general statement of the applicable law:

> The doctrine [of equitable lien] may be stated in its most general form, that every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees, and purchasers or encumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien upon personal property.

4 *Pomeroy's Equity Jurisprudence,* § 1235, at 696 (5th ed. 1941).

The agreement provides for the construction of a sewer system by Rivas & Rivas on or before December 20, 1980, and, if approved by the County, connection of that system to the County's system. It reflects the conditions under which it is to be constructed and accepted. It does not indicate any intent to create a security interest in any property of Rivas & Rivas in favor of the County to serve as security for any obligation.

There being no identification of property against which a debt or obligation may be charged and no intention that such property serve as security, DiBiase's claim cannot be treated as secured in Rivas & Rivas' bankruptcy case. Therefore, the claim of Augustine Dibiase, Jr. is allowed as unsecured in the amount of $15,000.

---

*\* This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.*